UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ASHLEY TURAY JULIA BARNARD,  :  <br>   :  <br> Plaintiff,  :  <br>   :  <br> v.  :  <br>   :  <br> THE UNITED STATES, *et al.*,  :  <br>   :  <br> Defendants.  :   | Civil Action No. 25-2399 (UNA) |

## MEMORANDUM OPINION

This matter is before the Court on consideration of Plaintiff's application to proceed *in forma pauperis* (ECF No. 2) and her *pro se* complaint (ECF No. 1). The Court GRANTS the application, and for the reasons discussed below, DISMISSES the complaint without prejudice.

Complaints filed by *pro se* litigants are held to "less stringent standards" than those applied to pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Still, *pro se* litigants must comply with the Federal Rules of Civil Procedure. *Jarrell v. Tisch*, 656 F. Supp. 237, 239 (D.D.C. 1987). Rule 8(a) of the Federal Rules of Civil Procedure requires that a complaint contain a short and plain statement of the grounds upon which the court's jurisdiction depends, a short and plain statement of the claim showing that the pleader is entitled to relief, and a demand for judgment for the relief the pleader seeks. FED. R. CIV. P. 8(a); *see Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). It "does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive

answer, mount an adequate defense, and determine whether the doctrine of res judicata applies. *See Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).

Plaintiff describes herself as "an Indigenous American [and] member of the Aboriginal Copper-Colored Nations of North America," Compl. at 2, who "has been consistently misidentified as Black/African American," *id*. She alleges that her "identity, property rights, and familial relationships were targeted by Defendants to suppress her Indigenous heritage, in furtherance of cultural genocide and ethnocide," *id*. at 3. For example, Plaintiff alleges, she has been harassed, intimidated, surveilled, threatened, detained unlawfully, arrested, and "subjected to criminal proceedings without valid jurisdiction or due process, in violation of the Fourth, Fifth, Sixth, and Fourteenth Amendments." *Id*. In addition, she alleges, Defendants have seized and converted her personal property, confiscated and reconveyed real property, imposed taxes on "exempt private property and estate assets," and subjected her "to forced vaccinations, medical experimentation, and expos[ed] to harmful substances without consent[.]" *Id*. Plaintiff demands a declaration that defendants violated the United States Constitution, the United Nations Declaration on the Rights of Indigenous Peoples (UNDRIP) and the International Covenant on Civil and Political Rights (ICCPR). *See id*. at 4. She also demands the enforcement of a Domesticated Foreign Tribal Custody Order, *see id*., which presumably awards plaintiff custody of her minor child, *see id*., Ex. (ECF No. 1-1 at 11-13). And she demands "[a]n order vacating or setting aside all prior judgments, orders, liens, or enforcement actions" affecting her and her family. *Id*.

So vague and conclusory are the complaint's meager factual allegations that the complaint, as drafted, fails to meet the minimal pleading standard set forth in Rule 8. For example, in broad language Plaintiff alleges that personal property has been seized and

converted, that real property has been confiscated and reconveyed, and that property wrongfully was taxed, yet fails to identify the property or the circumstances under which it was taken or taxed. Similarly, she claims to have been subjected to criminal proceedings without identifying the proceedings, and asks that prior judgments, orders and enforcement actions be vacated, without identifying them. Even if she had, Plaintiff fails to demonstrate that this federal district court could review, reverse or vacate the rulings of another court. *See, e.g., United States v. Choi*, 818 F. Supp. 2d 79, 85 (D.D.C. 2011) (noting that federal district court "generally lacks appellate jurisdiction over other judicial bodies, and cannot exercise appellate mandamus over other courts"); *Fleming v. United States*, 847 F. Supp. 170, 172 (D.D.C. 1994) ("In a line of cases stretching over the past 65 years, the Supreme Court has emphasized that federal district courts and federal courts of appeals have no authority to review a final judgment of a state court that has acted in its judicial capacity."), *aff'd*, No. 94-5079, 1994 WL 474995 (D.C. Cir. July 27, 1994), *cert. denied*, 513 U.S. 1150 (1995). In addition, this court lacks jurisdiction over matters involving the custody of minor children, *see Bennett v. Bennett,* 682 F.2d 1039, 1042 (D.C. Cir. 1982), and there is no private right of action under ICCPR and UNDRIP, *see Yakaba v. U.S. Dep't of Commerce*, No. 25-cv-0198 (UNA), 2025 WL 1233895, at *1 (D.D.C. Apr. 29, 2025) (dismissing ICCPR and UNDRIP claims); *Cooke v. Bureau of Consular Affairs*, No. 23-cv-3666 (UNA), 2024 WL 95201, at *1 (D.D.C. Jan. 8, 2024) (dismissing ICCPR claim); *Yahudah Washitaw of E. Terra Indians v. PHH Mortg. Corp.*, No. 5:17-cv-00377-BR, 2017 WL 6541508, at *2 (E.D.N.C. Dec. 21, 2017) (noting that "courts have consistently held that UNDRIP does not create a federal cause of action"), *aff'd in part, dismissed in part sub nom. Yahudah Washitaw of EastTerra Indians v. PHH Mortg. Corp.*, 724 F. App'x 281 (4th Cir. 2018) (per curiam); *Fleming v. United States*, No. 3:13-cv-00154-MMD, 2013 WL 5838719, at *3 (D. Nev. Oct. 29, 2013)

("Because the ICCPR is not enforceable in federal courts on behalf of individual plaintiffs, Mr. Fleming has failed to make a claim upon which relief can be granted."), *aff'd*, 616 F. App'x 223 (9th Cir. 2015), *cert. denied*, 136 S. Ct. 1722 (2016).

      An Order is issued separately.

DATE: August 28, 2025

/s/
JIA M. COBB
United States District Judge